UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO WACHOVIA BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-11, ASSETBACKED CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br>v.<br><br>THUNDER PROPERTIES, INC.; WOODLAND VILLAGE HOMEOWNERS ASSOCIATION; and HAMPTON & HAMPTON COLLECTIONS, LLC,<br><br>Defendants. | Case No. 3:17-cv-00106-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff U.S. Bank's motion for summary judgment (ECF No. 29). The Court has reviewed Defendant Thunder Properties, Inc.'s ("Thunder") response (ECF No. 30); Defendant Woodland Village Homeowners Association's ("HOA") response (ECF No. 32); and U.S. Bank's reply (ECF No. 36). The Court grants U.S. Bank's motion for summary judgment because U.S. Bank tendered the superpriority amount of the HOA's lien.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Daniel Ireton ("Borrower") executed a note ("Note") and first deed of trust ("DOT") in May 2004 in exchange for a loan in the amount of $217,500 ("Loan") to purchase real

///

property ("Property") located within the HOA at 17270 Posy Lake Ct., Reno, NV 89508. (ECF No. 29 at 3.)

All beneficial interest in the DOT was assigned to various entities before eventually being assigned to U.S. Bank on September 22, 2014. (*Id.* at 4.)

The Borrower failed to pay HOA assessments, and the HOA's agent, Hampton & Hampton Collections, LLC ("HOA Trustee"), recorded a notice of delinquent assessment lien on May 17, 2010. (*Id.*; *see also* ECF No. 1-7.) The HOA Trustee recorded a notice of election and default to sell on June 22, 2010. (ECF No. 30-3.)

U.S. Bank's predecessor—Bank of America, N.A. ("BANA")—obtained a superpriority lien payoff demand from the HOA and HOA Trustee through BANA's legal counsel, the law firm Miles, Bauer, Bergstrom & Winteres, LLP ("Miles Bauer") on October 11, 2010, requesting payment of $297. (ECF No. 29 at 5; ECF No. 30 at 6.) Miles Bauer tendered the amount, and the HOA Trustee accepted. (ECF No. 29 at 5.)

The HOA Trustee then recorded a second notice of default and election to sell on August 26, 2013. (*Id.* at 4; *see also* ECF No. 30-4.) The HOA Trustee also recorded a notice of trustee's sale on January 24, 2014. (ECF No. 29 at 4; *see also* ECF No. 1-9.)

The sale ("HOA Sale") occurred on February 26, 2014, and Thunder purchased the Property for $10,000. (ECF No. 29 at 5.)

U.S. Bank filed the Complaint on February 16, 2017, asserting the following claims for relief: (1) quiet title/declaratory relief under 28 U.S.C. § 2201, NRS § 30.010 *et seq.*, and NRS § 40.010; (2) declaratory relief under the Fifth and Fourteenth Amendments; (3) quiet title under the Fifth and Fourteenth Amendments; (4) permanent and preliminary injunction against Thunder; and (5) unjust enrichment against Thunder. (ECF No. 1 at 12-18.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,

the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

## IV. DISCUSSION

U.S. Bank argues that it is entitled to summary judgment because Miles Baeur's tender discharged the superpriority lien. (ECF No. 29 at 8.) Thunder and the HOA make numerous arguments in their responses that the Court need not consider because the Court agrees that the tender preserved the DOT. Accordingly, the Court will only address the parties' arguments about tender.

Thunder argues that the tender related to a different foreclosure proceeding. (ECF No. 30 at 8.) U.S. Bank responds that there was only one foreclosure proceeding. (*See* ECF No. 36 at 3.) The Court agrees with U.S. Bank. While the HOA Trustee recorded two notices of default and election to sell, one on June 22, 2010 (ECF No. 30-3), and the other on August 26, 2013 (ECF No. 30-4), there is only evidence of one notice of delinquent assessment in the record (ECF No. 1-7). It is the notice of delinquent assessment—not the notice of default and election to sell—that initiates a foreclosure proceeding. *See Saticoy Bay LLC Series 6212 Lumber River v. Bank of Am., N.A.*, 430 P.3d 531, 2018 WL 6133938, at *1 n.1 (Nev. 2018) (citing *Property Plus Invs., LLC v. Mortg. Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017)) ("For the HOA to foreclose on a lien consisting of unpaid assessments that accrued after Bank of America satisfied the previous lien, the HOA needed to issue a new notice of delinquent assessment and notice of default."); *see also U.S. Bank Nat'l Ass'n as Tr. for Mortg. Loan Pass-Through Certificates, Series 2005-08 v. Heritage Estates Homeowners Ass'n*, No. 2:16-cv-01385-GMN-CWH, 2019 WL 346399, at *8 (D. Nev. Jan. 28, 2019) (citing *Prop. Plus Invs., LLC*, 401 P.3d at 730) ("[N]ew charges would not factor into an HOA's superpriority lien absent a new notice of delinquent assessments."). Given that Thunder has produced no evidence of a second notice of delinquent assessment (*see* ECF No. 30 at 8-9), the Court rejects Thunder's contention that the HOA initiated a second, separate foreclosure proceeding.

Thunder further argues that the tender was ineffective because BANA paid assessments that accrued between January 2010 through September 2010 rather than assessments that accrued in the nine months before the HOA lien was recorded

4

1  (September 2009 through May 2010). (ECF No. 30 at 9.) U.S. Bank argues that the total amount of nine months of assessments must have been $297 or less because the amount of quarterly assessments was $96 in 2009 and $99 in 2010. (ECF No. 36 at 3.) U.S. Bank also argues that BANA paid the exact amount demanded by the HOA. (*Id.*) Given that the tender equaled the maximum total of nine months of HOA assessments, the Court finds that Thunder has failed to create a genuine issue of material fact as to whether BANA paid the assessments that made up the HOA lien.

Thunder further argues that the tender was ineffective because BANA's conditional offer to pay was not an effective tender and because BANA's purported superpriority payment was an unrecorded interest in property and therefore ineffective to preserve its lien. (ECF No. 30 at 10-14.) The Nevada Supreme Court rejected these arguments in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118-21 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018).

Thunder filed a motion to exceed the thirty-page limit prescribed by LR 7-4 (ECF No. 31), and U.S. Bank opposed the motion (ECF No. 35). The Court considered the arguments raised in Thunder's overlong response and thus grants the motion. Nevertheless, the Court grants summary judgment in favor of U.S. Bank on its quiet title claim and declares that U.S. Bank's DOT survived the HOA Sale. In the Complaint, U.S. Bank primarily requests a declaration that its DOT survived the HOA Sale. The other relief requested (except for injunctive relief) is requested in the alternative. Given that U.S. Bank has received the relief it requested, the Court dismisses U.S. Bank's remaining claims as moot.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that U.S. Bank's motion for summary judgment (ECF No. 29) is granted on its quiet title claim. The Court declares that the HOA Sale did not extinguish U.S. Bank's DOT. U.S. Bank's remaining claims are dismissed as moot.

It is further ordered that Thunder's motion to exceed page limit (ECF No. 31) is granted.

It is further ordered that the Clerk of the Court enter judgment and close this case.

DATED THIS 6th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE