UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR-IN-INTEREST TO WACHOVIA BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2005-11, ASSETBACKED CERTIFICATES, SERIES 2005-11,<br><br>Plaintiff,<br>v.<br><br>THUNDER PROPERTIES, INC.; WOODLAND VILLAGE HOMEOWNERS ASSOCIATION; and HAMPTON & HAMPTON COLLECTIONS, LLC,<br><br>Defendants. | Case No. 3:17-cv-00106-MMD-WGC<br><br>ORDER |

**I.     SUMMARY**

The Court granted summary judgment in favor of Plaintiff U.S. Bank based on a finding of tender in this dispute about a homeowners' association lien foreclosure sale. (ECF No. 38 ("Order").) Defendant Thunder Properties, Inc. ("Thunder") seeks reconsideration (ECF No. 40 ("Motion")) of the Order.[1] For the following reasons, the Court grants Thunder's Motion. The Court also will allow the parties to submit renewed motions for summary judgment in light of the new arguments raised in the briefing and hearing related to the Motion.

---

[1]The Court has reviewed U.S. Bank's response (ECF No. 41) as well as Thunder's reply (ECF Nos. 48). The Court also notes that U.S. Bank filed errata. (ECF No. 50.) The Court also heard oral argument on the Motion. (ECF No. 51.)

## II. BACKGROUND

Before foreclosing on a superpriority lien, a homeowners association ("HOA") must, among other things, (1) mail a notice of delinquent assessment to the unit owner; (2) record a notice of default and election to sell; and (3) record a notice of sale. NRS §§ 116.31162, 116.311635.

Here, the HOA recorded[2] a notice of delinquent assessment on May 17, 2010, and a notice of default and election to sell on June 22, 2010. (ECF Nos. 1-7, 30-3.) Before a notice of sale was recorded and before a foreclosure sale could occur, U.S. Bank's predecessor in interest—Bank of America, N.A. ("BANA")—tendered the superpriority amount. (ECF No. 29-3 at 3-5.) On this basis, the Court found that BANA's tender discharged the superpriority lien and that the deed of trust ("DOT") continued to encumber the property at issue. (ECF No. 38 at 4.)

In connection with summary judgment proceedings, Thunder argued that the HOA initiated a second foreclosure proceeding about three years later. (ECF No. 30 at 8-9 ("MSJ Opposition").) But Thunder produced no evidence of a second notice of delinquent assessment that would have initiated a new foreclosure proceeding. (*See id.*) Instead, Thunder argued that the second notice of default and election to sell initiated a new foreclosure proceeding. (*Id.*) The Court found that the notice of delinquent assessment— not the notice of default and election to sell—initiates a foreclosure proceeding. (ECF No. 38 at 4.) Given that there was no evidence of a second notice of delinquent assessment, the Court found that U.S. Bank had carried its burden of showing the absence of a genuine issue of material fact with respect to tender and that Thunder had failed to raise a genuine issue of material fact in response. (*See id.*) Accordingly, the Court granted summary judgment in favor of U.S. Bank. (*Id.* at 4-5.)

After the Court issued the Order, Thunder located the second notice of delinquent assessment and moved for reconsideration.

---

[2]The parties do not dispute that the notice was mailed to the unit owner in addition to being recorded.

2

## III. DISCUSSION

Thunder moves for reconsideration under Rule 59(e) and Rule 60(b)(1), (2), and (3). (*See* ECF No. 40 at 5-8.) The Court finds that relief is warranted under Rule 59(e) and Rule 60(b)(1).

### A. Rule 59(e)

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). The court enjoys "considerable discretion in granting or denying the motion" because "specific grounds for a motion to amend or alter are not listed in the rule." *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.* (citing *McDowell*, 197 F.3d at 1255 n.1); *see also Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016). Nevertheless, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Herron*, 634 F.3d at 1101 (quoting *McDowell*, 197 F.3d at 1255 n.1); *see also Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

Thunder argues that the Order is based on a manifest error of fact and that failure to consider the second notice of delinquent assessment will result in manifest injustice. (ECF No. 40 at 5-6.) U.S. Bank responds that Thunder's failure to identify and locate the second notice of delinquent assessment does not constitute extraordinary circumstances and that the Order does not rest on manifest errors of fact. (ECF No. 41 at 4.) The Court agrees with Thunder.

The judgment issued as a result of the Order rests upon a manifest error of fact—that no second notice of delinquent assessment existed. (*See* ECF No. 38 at 4.) It is now

clear that a second notice of delinquent assessment did in fact exist. (ECF No. 40-1 at 3-4.) This fact could alter the outcome of the case because there is no evidence in the record that BANA tendered the superpriority amount in connection with the lien created by the second notice of delinquent assessment. Thus, manifest injustice would result if the Court declined to reconsider the Order. (*See* ECF No. 38 at 4.)

U.S. Bank argues that Thunder's failure to identify and locate the second notice of delinquent assessment does not constitute extraordinary circumstances warranting relief under Rule 59(e), but U.S. Bank does not cite authority to show that extraordinary circumstances are required. (*See* ECF No. 41 at 4.) Rather, U.S. Bank cites authority to demonstrate that amending a judgment under Rule 59(e) constitutes an "extraordinary remedy" that must be "used sparingly." (*Id.* (citing *McDowell*, 197 F.3d at 1255 n.1).) While relief under Rule 60(b)(6) requires a showing of extraordinary circumstances, *Wood*, 759 F.3d at 1120, Thunder does not seek relief under Rule 60(b)(6). Accordingly, the Court rejects U.S. Bank's argument.

U.S. Bank also argues that the judgment does not rest upon a manifest error of fact because there are alternative grounds for granting summary judgment in favor of U.S. Bank. (*See* ECF No. 41 at 5-7.) While there may be alternative grounds for granting summary judgment in favor of U.S. Bank, the fact remains that the Order was premised on the absence of a second notice of delinquent assessment. The Court finds that allowing the parties to submit renewed motions for summary judgment in light of this fact will correct the manifest error on which the Order is based and prevent manifest injustice.

While "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)), U.S. Bank does not raise this argument. (*See* ECF No. 41 at 4-5.) Even considering this rule, though, relief under Rule 59(e) still is warranted. Thunder does not raise any new arguments in the Motion because Thunder already argued in the MSJ Opposition that there were two

4

foreclosure proceedings. (ECF No. 30 at 8-9.) And while Thunder seeks to present new evidence, the overriding concern for preventing manifest injustice and correcting manifest errors of fact justifies granting relief under Rule 59(e).

Finally, there seems to have been error on both sides. Neither party apparently recognized the existence of a second notice of delinquent assessment lien. Rather, based on the arguments asserted in U.S. Bank's reply to the MSJ Opposition, U.S. Bank assumed the HOA initiated only one foreclosure sale with the first notice of delinquent assessment and delayed foreclosure for almost three years. (*See* ECF No. 36 at 3.) And if U.S. Bank were aware of a second notice of delinquent assessment, U.S. Bank's counsel may have been required to disclose this fact to the Court pursuant to counsel's duty of candor.

Accordingly, the Court will grant relief under Rule 59(e).

### B.     Rule 60(b)(1)

Thunder also moves for reconsideration under Federal Rule of Civil Procedure 60(b)(1). (*See* ECF No. 40 at 6-8.) This provision allows the court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

"Motions brought under [Rule] 60(b) require the court to balance the interest in finality of judgments (ones which should not lightly be disturbed), and the desire to achieve justice." *Shoshone-Bannock Tribes of Fort Hall Reservation v. Leavitt*, 408 F. Supp. 2d 1073, 1080 (D. Or. 2005) (citing *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). Rule 60(b) is "remedial in nature" and "must be liberally applied," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (quoting *TCI Group Life Ins. v. Knoebber*, 244

F.3d 691, 696 (9th Cir. 2001)), and motions made under Rule 60(b) "are addressed to the sound discretion of the district court." *Leavitt*, 408 F. Supp. 2d at 1080 (citing *Thompson v. Housing Auth. of the City of L.A.*, 782 F.2d 829, 832 (9th Cir. 1986)).

Thunder argues that it is entitled to relief under Rule 60(b)(1) because its failure to mention the second notice of delinquent assessment lien was the result of mistake, inadvertence, surprise, or excusable neglect. (ECF No. 40 at 7.) U.S. Bank only opposes relief under Rule 60(b)(2), arguing that the second notice of delinquent assessment does not constitute "newly discovered evidence." (*See* ECF No. 41 at 4-5.) U.S. Bank does not address whether reconsideration is necessary "to correct a clear error or prevent manifest injustice." *Kern-Tulare*, 634 F. Supp. at 665 (E.D. Cal. 1986).

The Court alternatively will grant Thunder's Motion under Rule 60(b)(1). "Rule 60(b) allows for relief in cases of 'excusable neglect'—including negligence." *In re Gilman*, 887 F.3d 956, 963-64 (9th Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). "Excusable neglect under the federal rules 'is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.'" *Id.* (quoting *Pioneer*, 507 U.S. at 392). "Therefore, Rule 60(b) allows relief even when counsel makes an unreasonable mistake." *Id.* "Moreover, [courts] prefer to resolve cases on the merits." *Id.* Relief is available under Rule 60(b)(1) based on the negligent mistake of Thunder's counsel. Plus, relief under Rule 60(b) is necessary "to correct a clear error or prevent manifest injustice," as discussed *supra*. *Kern-Tulare*, 634 F. Supp. at 665 (E.D. Cal. 1986).

Accordingly, the Court grants Thunder's Motion.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

///

///

It is therefore ordered that Thunder's motion for reconsideration (ECF No. 40) is granted. The Court vacates the order (ECF No. 38) and judgment (ECF No. 39) granting summary judgment in favor of U.S. Bank.

The Court permits the parties to submit renewed motions for summary judgment within 15 days of the date of this order.

DATED THIS 13th day of May 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE